IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv50

| | | |
|---|---|---|
| CALVIN BROOKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER and NOTICE |
| L.J. DONAHUE, Officer, Charlotte-Mecklenburg Police Department, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss. (Doc. No. 7). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se of his obligation to respond to Defendant's Motion.

When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).[1] Nonetheless, a motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). Id. at 139.

In responding to a motion for judgment on the pleadings, Plaintiff must show that he has made sufficient allegations to support a cause of action which is recognized by law. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must show that his complaint contains "enough facts to state a claim to relief that is

---

[1] Rule 12(c), Federal Rules of Civil Procedure, provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for a judgment on the pleadings."

plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. In considering Plaintiff's Complaint, the Court "'need not accept [his] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Plaintiff is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic." Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Plaintiff is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendant's motion for judgment on the pleadings, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to the motion for judgment on the pleadings. Plaintiff's failure to respond may result in granting a judgment on the pleadings for Defendant, that is, in the dismissal of the Complaint with prejudice.

The Clerk is directed to send copies of this Order and Notice to the parties, including Calvin Brooks, Inmate No. 265388, Mecklenburg County Jail, Post Office Box 34429, Charlotte, NC 28234-4429.

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge