# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-50-RJC

| | |
|---|---|
| CALVIN BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LUKE DONAHUE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Luke Donahue's Motion to Dismiss, (Doc. No. 7).

## I. BACKGROUND

Plaintiff filed this action on January 28, 2011, alleging excessive force against Defendant Donahue pursuant to 42 U.S.C. § 1983.[1] Defendant Donahue is a detective specializing in drugs and narcotics investigations and is employed by the Charlotte-Mecklenburg Police Department ("CMPD"). Plaintiff's action against Defendant Donahue arises out Plaintiff's October 6, 2010 drug and weapons related arrest. As a result of Plaintiff's arrest, he was charged with the following: (i) possession with intent to distribute cocaine, (ii) possession with intent to distribute marijuana, (iii) possession of drug paraphernalia, (iv) resisting a public officer, and (v) carrying a concealed weapon (cutting instrument).

In his Complaint, Plaintiff alleges that he sustained injury above his right eye as of the result of Defendant striking him with a closed fist repeatedly while Plaintiff was handcuffed.

---

[1] Although Plaintiff does not use the term "excessive force" in his pro se Complaint, the nature of his allegations against Defendant Donahue clearly indicate that his claim is for excessive force.

More specifically, Plaintiff alleges the following facts in the Complaint:

> On October 6, 2010, at 10:40 p.m. I Calvin Brooks was walking in the store from throwing trash into the dumpster and a police pulled up and ask for ID and soon as I gave it to him he handcuffed me and searched me and got my knife and put me in the back of the car and he walked around the dumpster and came back to the car and told me he's bout to [let] me go but first I have to [let] him search my shoes an[d] I did an[d] soon as I put them back on then he unzipped my pants an[d] he had a black bag in his hand and I ask him what are you doing and then he struck me over and over in my eye and face and then pushed me back in the car. My eye was cut and I received a black eye and several stitches were required by the hospital but I was in so much pain and anger that I was practically unconscious of making any decision and was hauled off from the Emergency Room without surgery. I did not provoke the violent incident by the officer . . .
>
> Prior to this incident I was an able bodied man with full functions of sight in my right eye, and now I am having problems, and long term suffering along with mental and emotional distress and pains, loss of sleep, headaches, worr[ies]. That the defendant wantonly and maliciously tried and caused me physical and mental harm. He knew [] punching me while I was in handcuffs would intentionally inflict pain upon me mentally and physically.

(Doc. No. 1 at 3-4). Plaintiff alleges that Defendant violated Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (Id. at 4).

In support of the motion to dismiss filed on March 7, 2011, Defendant contends that Plaintiff's claim of excessive force is implausible and is therefore not entitled to the deference owed to well-pled factual allegations.[2] Defendant contends that he did not use excessive force against Plaintiff and that Plaintiff resisted arrest and tried to flee while Defendant was attempting to arrest him.

Defendant filed his motion to dismiss on March 7, 2011. The last correspondence from Plaintiff to the Court was on September 9, 2011, in the form of a letter indicating that Plaintiff

---

[2] Although Defendant characterizes Plaintiff's claim as one for "cruel and unusual punishment," the nature of Plaintiff's allegations more appropriately support a claim against Defendant for excessive force.

was still incarcerated at the Mecklenburg County Jail.  Before ruling on Defendant's pending motion to dismiss, this Court needs an update as to the current status of Plaintiff's pending criminal charges, as this is relevant to the excessive force analysis.  See Graham v. Connor, 490 U.S. 386 (1989).

**IT IS, THEREFORE, ORDERED** that within ten days of entry of this Order, Defendant shall inform the Court of the status of the pending charges against Plaintiff.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge