UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-50-RJC

| | |
|---|---|
| CALVIN BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| L.J. DONAHUE, Officer, Charlotte- ) | |
| Mecklenburg Police Department, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7).

Plaintiff filed this action on January 28, 2011, alleging excessive force against Defendant Donahue pursuant to 42 U.S.C. § 1983.[1] Defendant filed a Motion to Dismiss, (Doc. No. 7), and an Answer, (Doc. No. 8), and on March 15, 2010, the Court entered an Order directing Plaintiff to respond to Defendant's Motion to Dismiss. (Doc. No. 9). Instead of responding, Plaintiff served untimely discovery requests on Defendant. (Doc. Nos. 10: First Request for Production of Documents; 12: First Set of Interrogatories). On March 25, 2011, Plaintiff filed a motion for appointment of counsel contending his "imprisonment will greatly limit his ability to litigate." (Doc. No. 11), and this motion was denied, (Doc. No. 17).

On March 5, 2012, after noting that Plaintiff had not complied with the Order directing him to respond to Defendant's Motion to Dismiss, the Court entered an Order which directed

---

[1]Plaintiff does not use the term "excessive force" in his pro se Complaint, however, the nature of his allegations against Defendant Donahue clearly indicate that his claim is one for excessive force.

1

Defendant to update the Court on the status of the criminal charges which arose out of the arrest which serves as the basis for Plaintiff's Complaint ("Complaint charges"). (Doc. No. 18). Defendant responded and informed the Court that Plaintiff was incarcerated in the Mecklenburg County jail on the Complaint charges from October 7, through October 17, 2010.[2] The Complaint charges included possession with intent to sell and/or distribute ("PWISDI") cocaine and marijuana, possession of drug paraphernalia, resisting a public officer, and carrying a concealed weapon. (Doc. Nos. 19-1; 19-2). On December 5, 2011, Plaintiff entered into a plea agreement with the Mecklenburg County District Attorney's Office wherein he agreed to plead guilty to possession of cocaine in an effort to resolve the Complaint charges. After pleading guilty to possession of cocaine, the remaining Complaint charges were dismissed. (Doc. No. 19-5).

The Clerk of Court mailed a copy of Defendant's Response, (Doc. No. 18), to Plaintiff at his last known address in the Mecklenburg County jail. On March 8, 2012, the Clerk filed a notice which provided that Defendant's Response had been returned by the Mecklenburg County jail because Plaintiff was no longer residing in the jail. (Doc. No. 20).

The record indicates that Plaintiff was housed in the Mecklenburg County jail at the time he filed his Complaint and at all times thereafter until February 5, 2012. Mail sent to Plaintiff at the Mecklenburg County jail has been returned as undeliverable. This litigation cannot proceed if Plaintiff does not keep the Court and Defendant informed of his current address. Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court

---

[2] Defendant was unable to serve his response on Plaintiff because he knew that Plaintiff no longer resided in the Mecklenburg County jail. See (Doc. No. 18 at 2).

apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff will be required to take appropriate action within 14 days.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide the Court with updated contact information within 14 days. **FAILURE TO RESPOND WITHIN 14 DAYS WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT.** The Clerk of Court is directed to send a copy of this Order to Plaintiff at his last known address.

Signed: March 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge