```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
          3:11-cv-50-RJC
```

| | |
|---|---|
| CALVIN BROOKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    **ORDER** |
| L.J. DONAHUE, Officer, Charlotte- | ) |
| Mecklenburg Police Department, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7).

Plaintiff filed this action on January 28, 2011, alleging excessive force against Defendant Donahue pursuant to 42 U.S.C. § 1983.[1] Defendant filed a Motion to Dismiss, (Doc. No. 7), and an Answer, (Doc. No. 8), and on March 15, 2010, the Court entered an Order directing Plaintiff to respond to Defendant's Motion to Dismiss. (Doc. No. 9). Instead of responding, Plaintiff served untimely discovery requests on Defendant. (Doc. Nos. 10: First Request for Production of Documents; 12: First Set of Interrogatories). On March 25, 2011, Plaintiff filed a motion for appointment of counsel contending his "imprisonment will greatly limit his ability to litigate," (Doc. No. 11), which was denied on December 15, 2011. (Doc. No. 17).

On March 5, 2012, after noting that Plaintiff had not complied with the March 15, 2010 Order directing him to respond to Defendant's Motion to Dismiss, the Court entered an Order directing Defendant to update the Court on the status of the criminal charges that arose out of the

---

[1] Plaintiff does not use the term "excessive force" in his pro se Complaint, however, the nature of his allegations against Defendant Donahue clearly indicate that his claim is one for excessive force.

arrest which serves as the basis for Plaintiff's Complaint ("Complaint charges"). (Doc. No. 18).

Defendant responded and informed the Court that Plaintiff was incarcerated in the Mecklenburg County jail on the Complaint charges from October 7 through October 17, 2010.[2] The Complaint charges included possession with intent to sell and/or distribute cocaine and marijuana, possession of drug paraphernalia, resisting a public officer, and carrying a concealed weapon. (Doc. Nos. 19-1; 19-2). Plaintiff was released on October 17, 2010, and then arrested again on November 3, 2010 on charges unrelated to the Complaint charges. Plaintiff was incarcerated on these new charges from November 3, 2010 until February 3, 2012. (Doc. Nos. 19-3; 19-4). On December 5, 2011, Plaintiff entered into a plea agreement with the Mecklenburg County District Attorney's Office wherein he agreed to plead guilty to possession of cocaine in an effort to resolve the Complaint charges. After pleading guilty to possession of cocaine, the remaining Complaint charges were dismissed. (Doc. No. 19-5).

The Clerk of Court mailed a copy of Defendant's Response, (Doc. No. 19), to Plaintiff at his last known address in the Mecklenburg County jail. On March 8, 2012, the Clerk filed a notice which provided that Defendant's Response had been returned by the Mecklenburg County jail because Plaintiff was no longer a resident of the jail. (Doc. No. 20). The record shows that Plaintiff was housed in the Mecklenburg County jail at the time he filed his Complaint and at all times thereafter until February 3, 2012, and Plaintiff has provided this Court or Defendant with no other mailing address.

On March 12, 2012, the Court entered an Order requiring Plaintiff to update the Court

---

[2] Defendant was unable to serve his response on Plaintiff because Plaintiff no longer resided in the Mecklenburg County jail and failed to provide an updated address. (Doc. No. 18 at 2).

and Defendant with his current address. (Doc. No. 21, at 2). The Court cautioned Plaintiff that his pending Complaint could not proceed if his whereabouts were unknown. (Id.). On March 14, 2012, the Clerk of Court filed a notice that the March 12 Order had been returned. (Doc. No. 22). To date, two Orders, (Doc. Nos. 18 and 21), mailed by the Clerk of Court to Plaintiff's address of record have been returned as undeliverable and Plaintiff has failed to update his address with the Court.

As the Court explained in the March 12 Order, plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation of providing the Court with a current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address, and failure to obey this Court's Orders, constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to prosecute.

Signed: March 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge